UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SKF USA Inc.,                                                 Civil No. 08-6198 (DWF/RLE)

          Plaintiff,

v.                                                         **MEMORANDUM**
                                                           **OPINION AND ORDER**

Equipment Reliability Services, Inc.,

          Defendant.

---

Arthur G. Boylan, Esq., and Daniel Oberdorfer, Esq., Leonard Street and Deinard, PA; and Elizabeth S. Campbell, Esq., and Stephen J. Sundheim, Esq., Pepper Hamilton LLP, counsel for Plaintiff.

Brian V. Alcala, Esq., and Nicholas Anaclerio, Esq., Ungaretti & Harris; and Laura A. Pfeiffer, Esq., and Megan M. Ruwe, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion to Transfer Venue to the United States District Court for the Northern District of Illinois or, in the Alternative, to Stay Proceedings brought by Defendant Equipment Reliability Services, Inc. ("ERSI"). For the reasons stated below, the Court grants in part ERSI's motion and transfers this action to the Northern District of Illinois.

**BACKGROUND**

SKF U.S.A. Inc. ("SKF"), is a Delaware corporation with its principal place of business in Norristown, Pennsylvania. SKF is in the business of manufacturing and selling ball and roller bearings and related products. In addition, SKF provides diagnostic, preventative maintenance, and performance monitoring services for owners and operators of manufacturing machines. SKF Reliability Systems is a unit of SKF that provides performance monitoring services. SKF Reliability Systems' main office is in Elk Grove Village, Illinois.

ERSI, a direct competitor of SKF, is a Minnesota corporation with its headquarters and principal place of business in Minnesota. ERSI was formed as a start-up company by Dale H. Bjerkness, who is also the President of ERSI. (Decl. of Dale Bjerkness ("Bjerness Decl.") ¶ 2.) Prior to starting ERSI, Bjerkness was employed at SKF as a Director for SKF Reliability Systems in Elk Grove Village, Illinois. (*Id*. ¶¶ 2-3 & Ex. A at ¶ 2.) ERSI employs three additional former-SKF employees, Kevin Koch, Joseph J. Sever, and Walter Remick, Jr. (together with Bjerkness, the "Individual Defendants"). The Individual Defendants and Bjerkness's daughter are the sole employees of ERSI. All of the Individual Defendants reside in Minnesota.

In August 2008, SKF sued the Individual Defendants in the Northern District of Illinois (the "Illinois Lawsuit") seeking injunctive and monetary relief. SKF later amended its complaint in the Illinois Lawsuit. (Bjerkness Decl. ¶ 3, Ex. A ("Ill. Am. Verified Compl.").) In the Illinois Lawsuit, SKF asserts that the Individual Defendants

are liable for trade secret misappropriation, violations of the Computer Fraud and Abuse Act, unfair competition, and violations of non-compete, non-disclosure, and non-solicitation agreements. Specifically, SKF alleges that the Individual Defendants improperly took SKF's electronic data and used it to start and operate ERSI. In addition, SKF alleges that Bjerkness improperly solicited and induced the other Individual Defendants to work for ERSI and that the Individual Defendants have improperly solicited SKF's customers, interfered with SKF's contracts, and stolen SKF's confidential information and trade secrets. The agreements under which SKF sued the Individual Defendants all contained choice of law and forum selection clauses providing that the agreements will be governed by the substantive laws of the State of Illinois, that any disputes arising out of the agreements shall be tried in an Illinois court, and that the defendants submitted to the jurisdiction of the Illinois court.[1] (Ill. Am. Verified Compl. at Exs. A-D at ¶ 10.) In the Illinois Lawsuit, SKF moved for a preliminary injunction. After the parties conducted expedited discovery, the court in the Illinois Lawsuit heard SKF's motion for preliminary injunction during a six-day evidentiary hearing that was concluded in December 2008. A written order is forthcoming.

---

[1] These agreements were entered into between each of the Individual Defendants and SKF's predecessor in interest, Preventative Maintenance Company, Inc.

On November 26, 2008, SKF filed the present lawsuit. In this lawsuit, SKF alleges that ERSI misappropriated SKF's trade secrets, tortiously interfered with SKF's employment agreements with the Individual Defendants by hiring them away from SKF, and interfered with SKF's customers and contractual relationships in Minnesota and surrounding states. The allegations made in the Verified Complaint in the present action are nearly identical to those made in the Amended Verified Complaint in the Illinois Lawsuit. For example, in the Illinois Lawsuit, SKF asserts that the Individual Defendants misappropriated SKF's trade secrets and that it "is inevitable that Defendants will use or rely on the information that they obtained while working for SKF in connection with their positions at [ERSI]." (Ill. Am. Verified Compl. ¶ 132-141.) Similarly, in this action, SKF asserts that ERSI misappropriated SKF's trade secrets via the actions of the Individual Defendants. (Verified Compl. ¶¶ 54-66.) In addition, in the Illinois Lawsuit, SKF asserts that Bjerkness tortiously interfered with SKF's employment agreements with Sever, Remick, Jr., and Koch by hiring these individuals away from SKF to work at ERSI. (Ill. Am. Verified Compl. ¶¶ 120-131.) Similarly, in this action, SKF asserts that ERSI tortiously interfered with SKF's employment and prospective contractual agreements by hiring the Individual Defendants away from SKF. (Verified Compl. ¶¶ 66-78.)

**I.      Motion to Transfer**

ERSI moves to transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). That section provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).

**A.      Jurisdiction Over ERSI in Illinois**

ERSI contends that SKF could have filed the present action against ERSI in the Northern District of Illinois because both subject matter and personal jurisdiction exist.[2] Specifically, ERSI asserts that an Illinois court would have personal jurisdiction over it because ERSI transacts business in Illinois and alternatively because the *situs* of SKF's injury is in Illinois. With respect to ERSI's business dealings in Illinois, ERSI points to

---

[2]      There is no dispute that SKF and ERSI are diverse and that the amount in
(Footnote Continued on Next Page)

5

a Service Agreement it entered into with Kraft Foods Global, Inc. ("Kraft Foods"), whereby it entered into a vendor-customer relationship with Kraft Foods (the "Kraft Foods Agreement"). Kraft Foods is a former SKF customer and has its principal place of business in Northfield, Illinois. In both lawsuits, SKF alleges that ERSI interfered with SKF's relationship with Kraft Foods, and other customers, using information stolen from SKF. (Verified Compl. ¶ 45; Ill. Verified Am. Compl. ¶¶ 89-90.) The Kraft Foods Agreement also provides that Illinois law governs disputes relating to the Kraft Foods Agreement. (Bjerness Decl. ¶ 13, Ex. E at 13.)[3] SKF, however, maintains that it could not have sued ERSI in Illinois because ERSI is not subject to personal jurisdiction in Illinois. SKF asserts that none of ERSI's activities that gave rise to this lawsuit took place in Illinois. In particular, SKF asserts that the events giving rise to this litigation are different than those giving rise to the Illinois Lawsuit. In addition, SKF asserts that ERSI's employees stole SKF's trade secrets and confidential information in Minnesota, transferred information to ERSI in Minnesota, solicited SKF customers in Minnesota, and is using SKF's information in Minnesota. SKF also asserts that ERSI and SKF have no relationship that requires SKF to bring this suit in Illinois and that ERSI has no

---

(Footnote Continued From Previous Page)
controversy is met.

[3]   The specific language reads: "The law applying to contracts made and fully performed in Illinois will govern this Agreement." (Bjerkness Decl. ¶ 13, Ex. E at 13.) SKF asserts that the choice of law provision does not apply to the Kraft Foods Agreement because that agreement is to be performed in Iowa and is therefore not to be "fully performed in Illinois." The Court disagrees with SKF's reading and finds that the choice
(Footnote Continued on Next Page)

contacts with Illinois that give rise to personal jurisdiction.  SKF further maintains that ERSI has no business relationship warranting Illinois specific jurisdiction, that the choice of law provision of the Kraft Agreement has no bearing on jurisdiction in this case, and that ERSI's voluntary participation in the Illinois lawsuit does not confer jurisdiction in Illinois.  Finally, SKF asserts that ERSI's "resulting effects" argument is unavailing.

In determining whether a court has personal jurisdiction over a non-resident defendant, an Illinois court must look to the requirements of the state long-arm statute as well as both state and federal constitutional law regarding due process.  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).  The Illinois long-arm statute provides that an Illinois court may exercise jurisdiction on "'any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.'"  *Id*. (citing 735 Ill. Comp. Stat. 5/2-209(c)).  The Illinois long-arm statute permits an Illinois court to exercise personal jurisdiction over a defendant if the defendant submits to the personal jurisdiction of an Illinois court by doing any of the acts enumerated in Section 2-209(a) of the Illinois Code of Civil Procedure.  *Rains v. PPG Indus.*, 359 F. Supp. 2d 720, 723 (S.D. Ill. 2004) (citing 735 ILCS 5/2-209(a)).  Section 2-209(a) of the Illinois Code of Civil Procedure gives Illinois courts personal jurisdiction over non-resident defendants who transact business in Illinois:

---

(Footnote Continued From Previous Page)
of law provision clearly provides that Illinois law governs the Kraft Foods Agreement.

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State . . .

735 ILCS § 5/2-209(a)(1).

Federal due process requires that a defendant have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945) (internal quotations omitted). The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). It is essential in each case that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). What these standards mean depends on whether the court asserts "general" or "specific" jurisdiction. In a general jurisdiction case, a defendant maintains such "continuous and systematic" contacts with a state that it becomes subject to the jurisdiction of that state's courts for any purpose. *See Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 414 n.9, 416, 418-19 (1984). Specific jurisdiction, on the other hand, requires that the defendant has "purposely directed" its activities at residents of the forum and that the litigation results from alleged

injuries that "arise out of or relate to" those activities. *See Burger King,* 471 U.S. at 472. Here, the central issue is whether ERSI's contacts with Illinois give rise to specific jurisdiction under the Illinois long-arm statute.

ERSI has submitted evidence demonstrating that it negotiated and established an ongoing relationship with Kraft Foods, an Illinois resident and former customer of SKF. The record demonstrates that the Kraft Foods Agreement was made with the Illinois-based Kraft Foods and that ERSI is providing services to and is getting paid by Kraft Foods.[4] In addition, ERSI's contractual relationship with Kraft Foods is at issue in both this action and the Illinois Lawsuit. In particular, SKF alleges that ERSI improperly solicited and obtained the business of Kraft Foods using information stolen from SKF. The record shows that ERSI negotiated its relationship with the Illinois-based Kraft Foods and that this negotiated relationship gave rise, at least in part, to the causes of action asserted against ERSI. Finally, the Kraft Foods Agreement contains an Illinois choice of law provision and a mandatory arbitration clause providing for dispute resolution in Chicago, Illinois. (Bjerkness Decl. ¶ 13, Ex. E at 13.) While this contractual provision is not dispositive on the issue of jurisdiction, particularly because SKF is not a party to the Kraft Foods Agreement, it supports the notion that ERSI

---

[4] The Court acknowledges that the Kraft Foods Agreement provides that ERSI will provide services for Kraft Food's facility in Mason City, Iowa. This, however, does not mean that those services are not also provided to the benefit of Kraft Foods in Illinois.

availed itself to the benefits and protections of Illinois law and could expect to be subject to jurisdiction in Illinois with respect to this lawsuit.

Based on the foregoing, the Court concludes that ERSI's on-going business relationship with Kraft Foods provides the Illinois court with specific jurisdiction over ERSI. This suit arose, at least in significant part, out of ERSI's contacts with Kraft Foods and ERSI could reasonably expect to defend this suit in Illinois. The nature of ERSI's relationship with Kraft Foods and the connection between that relationship and the subject matter of the current lawsuit supports personal jurisdiction over ERSI in Illinois such that the exercise of personal jurisdiction over ERSI in Illinois will not offend traditional notions of fair play and substantial justice.[5]

### B.   Convenience of the Parties

Having determined that this action could have been brought in the Northern District of Illinois, the Court evaluates the remaining relevant transfer factors. "[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Graff*, 33 F. Supp.

---

[5]   The Court need not consider whether jurisdiction is proper due to the *situs* of SKF's alleged injury because it has already determined that specific jurisdiction is satisfied by reason of ERSI's business transactions with Kraft Foods in Illinois. Even so, the Court notes that the record demonstrates that the alleged damage to SKF occurred, at least in significant part, in Elk Grove Village, Illinois, the location of SKF's Reliability Systems unit. In addition, ERSI could have reasonably anticipated that its alleged tortious activities would affect SKF in the state of Illinois.

2d at 1121. Normally, there is a presumption in favor of the plaintiff's forum. *Id.* That presumption is given "significantly less deference" when the plaintiff does not reside in the chosen forum. *Nelson v. Soo Line R.R. Co.*, 58 F. Supp.2d 1023, 1026 (D. Minn. 1999). ERSI asserts that the Northern District of Illinois would be more convenient primarily because SKF has filed a case alleging nearly identical claims against the Individual Defendants in the Northern District of Illinois. SKF asserts that the Northern District of Illinois is not a more convenient forum.

Here, SKF chose Minnesota as its forum. However, SKF does not reside in Minnesota and has filed a substantially similar lawsuit against the Individual Defendants (the employees of ERSI) in the Northern District of Illinois. The Illinois Lawsuit involves nearly identical underlying facts and overlapping witnesses. Accordingly, the Court gives SKF's forum selection in this case little deference. Because there is a case currently pending in the Northern District of Illinois that is based largely on the same underlying facts and involves substantially similar parties, the Court finds that the convenience of the parties weighs heavily in favor of transferring this case to the Northern District of Illinois.

### C. Convenience of Witnesses

The convenience of witnesses is an important factor for the Court and the parties because it affects the access to sources of proof. *Graff*, 33 F. Supp. 2d at 1121. In considering the convenience of witnesses, courts have focused on the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *See id*. ERSI contends that Illinois would be a more convenient forum for the material witnesses who have knowledge regarding the most significant claims in this case; in particular, SKF's claims that ERSI misappropriated SKF's trade secrets and tortiously interfered with its employment and customer contracts.

ERSI further submits that many material witnesses located in Illinois have already testified in the Illinois Lawsuit. SKF, on the other hand, contends that Minnesota is a more convenient forum because the witnesses with relevant information include the Individual Defendants who reside in Minnesota, as well as former and current SKF customers that now do business with or have been solicited by ERSI. SKF has submitted evidence that several ERSI customers, or potential customers, reside in Minnesota. The Court concludes that the convenience of the witnesses weighs neither in favor nor against transferring this action to the Northern District of Illinois.

### D.     Interests of Justice

The Court must also evaluate what venue will best promote the interests of justice. *Id.* This factor is weighed "very heavily." *Id.* A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice of law issues, and the advantages of having a local court determine questions of local law. *See Terra Int'l*, 199 F.3d at 696. As explained above, the Court recognizes the interest in protecting a plaintiff's choice of forum; but also recognizes that SKF's choice here is given less protection since SKF does not reside in Minnesota. The Court also notes that the issues and claims in this case overlap significantly with those in the Illinois Lawsuit. SKF asserts that this case and the Illinois Lawsuit are different. In particular, SKF asserts that the Illinois Lawsuit is against the Individual Defendants and seeks to enforce the Individual Defendants' obligations under certain non-competes and other agreements and that the Illinois Lawsuit seeks to remedy the Individual Defendants' misappropriation of SKF trade secrets. In contrast, SKF contends that the lawsuit pending before this Court is fundamentally different because it was filed to restrain and redress ERSI's targeting of SKF customers and employees while using SKF trade secrets. In essence, SKF asserts that the Illinois Lawsuit focuses on the Individual Defendants while this action focuses on ERSI. SKF also contends that a holding in the Illinois Lawsuit will not enjoin ERSI or provide for damages against ERSI.

The Court rejects SKF's assertion that the two lawsuits are different. Instead, the

Court finds that this case and the Illinois Lawsuit are fundamentally similar and that they should be tried by the same court.[6] In addition, the Court notes that each of SKF's agreements with the Individual Defendants, which will be relevant in both lawsuits, contain choice of law provisions requiring the application of Illinois law. The State of Illinois has an interest in providing a forum for SKF and that court would have the advantage of being familiar with Illinois law.

In sum, the Court concludes that transferring this case to Illinois so that it can be tried alongside the originally filed action in Illinois would promote the interests of justice and conserve judicial resources. Accordingly, the Court finds that this factor weighs heavily in favor of transferring this action to the Northern District of Illinois.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendants' Motion to Transfer Venue to The United States District Court for the Northern District of Illinois or, in the Alternative, to Stay Proceedings (Doc. No. 12) is **GRANTED IN PART** consistent with this Order.

---

[6] In rejecting SKF's assertion that the cases are different, the Court notes that the allegedly tortious activity of ERSI will necessarily be based on the allegedly tortious actions of the Individual Defendants.

    2.      The Clerk of Court shall transfer this action to the Northern District of Illinois.

Dated:  March 30, 2009                      s/Donovan W. Frank
                                                       DONOVAN W. FRANK
                                                       Judge of United States District Court